# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

KEITH CHAN,

          Plaintiff,

   v.

KAREN MAY BACDAYAN, KEVIN C.
MCCLANAHAN, and RE/MAX,

          Defendants.

Case No. 4:25-cv-00031-SLG

## ORDER OF DISMISSAL

On August 20, 2025, self-represented litigant Keith Chan ("Plaintiff") filed a civil complaint and an application to waive payment of the filing fee.[1] Plaintiff claims Re/Max—the current owner of Plaintiff's apartment in Brooklyn, New York—Kevin McClanahan, and Karen May Bacdayan conspired against him, forged unspecified records, deprived Plaintiff of due process. Plaintiff claims the Court has jurisdiction under the Racketeer Influenced and Corrupt Organizations ("RICO") Act.[2] For relief, Plaintiff seeks one billion dollars in damages.[3]

Upon review, this action must be dismissed. As an initial matter, Plaintiff has not demonstrated an inability to bring this case without paying the Court's filing fee.[4] A plaintiff need not be absolutely destitute for a court to waive payment of the

---

[1] Dockets 1-2.

[2] Docket 1.

[3] Docket 1 at 1.

[4] *See* 28 U.S.C. § 1915(a)(1).

filing fee, but his poverty must prevent him from paying the filing fee and providing himself and any dependents with the necessities of life.[5] A plaintiff seeking to waive the filing fee must allege poverty with "some particularity, definiteness and certainty."[6] Here, Plaintiff's application to waive the filing fee states that he and his spouse are both employed, and each earn "around" $1,000 per month.[7] He claims to have only $20 in cash, $20 in his checking account, and no other assets. He wrote that he would "prefer not to disclose" any additional information about their employment or banking accounts. He did not provide any information about any expenses or financial obligations. Because the Court cannot determine whether Plaintiff is unable to pay the filing fee or whether payment of a partial filing fee is appropriate,[8] Plaintiff's application to waive payment of the filing fee is DENIED.

Additionally, Plaintiff's one-page Complaint only offers "naked assertions devoid of further factual enhancement."[9] Although Plaintiff purports to bring due process and RICO claims, there are no facts in the Complaint to support such claims or allow the Court to draw the reasonable inference that Defendants may

---

[5] *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339–40 (1948).

[6] *Escobedo v. Applebee's,* 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted).

[7] Docket 2 at 2.

[8] See *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (court has discretion to deny IFP where application is insufficient).

[9] *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009).

be liable for an alleged injury.[10] Further, Plaintiff has not demonstrated that Defendants are governmental actors against whom a constitutional due process claim may be brought,[11] and he does not allege any injury to his business or property, as required to state a claim under RICO.[12] Although Plaintiff references an affidavit of the former apartment owner who shares the same surname as Plaintiff, he has not explained any relation to the former owner, any interests in the property, or any facts explaining how or why he believes Defendants injured him. Plaintiff's conclusory allegations are insufficient to state a plausible claim[13] or give rise to federal question jurisdiction.[14]

Finally, Plaintiff makes no attempt to explain what connection the alleged events have with the District of Alaska. The Court cannot establish that it has personal jurisdiction over any of the named Defendants[15] or determine why the

---

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that the Rule 8 pleading standard does not require "detailed factual allegations," but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusations).

[11] The Fifth Amendment's Due Process Clause applies to the federal government while the Fourteenth Amendment's Due Process Clause applies only to state and local governments. *See Castillo v. McFadden,* 399 F.3d 993, 1002 n.5 (9th Cir. 2005).

[12] 18 U.S.C. § 1961(1)(A). *See also Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir. 1996) (explaining that to bring a RICO claim, a plaintiff must plead sufficient facts regarding an injury to his business or property).

[13] Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). *See also McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory").

[14] 28 U.S.C. § 1331. *See also Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004) (a federal court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking).

[15] A plaintiff must show that a court has personal jurisdiction over an out-of-state defendant.

Case No. 4:25-cv-00031-SLG, *Chan v. Bacdayan, et al.*
Order of Dismissal
Page 3 of 5
Case 4:25-cv-00031-SLG    Document 3    Filed 09/12/25    Page 3 of 5

Court would be the proper venue for this case when none of the parties appear to be residents of Alaska and the alleged events involve an apartment in Brooklyn, New York.[16]

For these reasons, the Complaint is DISMISSED as deficient and for failure to state a claim. However, this dismissal is without prejudice to Plaintiff refiling his claims in a new case. Should Plaintiff wish to proceed on his claims, he must file a complaint that complies with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[17] Additionally, he must file a civil cover sheet and either pay the filing fee or file a properly completed application to waive payment of the fee that includes complete and accurate financial information such that the Court can make a meaningful determination regarding his ability to pay all or a portion of the filing fee.  Further, he must include factual allegations that if proven, would

---

*Picot v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015). The Ninth Circuit employs a three-prong test to determine whether courts may exercise specific personal jurisdiction over a defendant: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.,* it must be reasonable." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citations omitted).

[16] Venue is proper in a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located," or where "a substantial part of the events or missions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(1)-(2); *see also* 28 U.S.C. §§ 1346(a), 1402(b) (venue may also be proper in the venue where the plaintiff resides in cases seeking recovery of any internal revenue tax).

[17] *See* Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties.").

demonstrate a plausible basis for the District of Alaska to exercise jurisdiction over the subject matter of the action and personal jurisdiction over each of the named Defendants.

IT IS THEREFORE ORDERED:

1. This action is **DISMISSED.**

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

DATED this 12th day of September, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE